Constantine SORIANO, Plaintiff,

v.

XAVIER UNIVERSITY CORPORATION
and Arthur Shriberg, Defendants.

No. C-1-87-382.

United States District Court,
S.D. Ohio, W.D.

April 26, 1988.

Paul C. Sunderland, Cincinnati, Ohio, for plaintiff.

Kenneth R. Faller, Cincinnati, Ohio, for defendants.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon Plaintiff's Motion to Strike or in the Alternative for Summary Judgment on Jurisdictional Defense (doc. no. 12), which defendants oppose.

Plaintiff brings this suit pursuant to the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* against defendant Xavier University Corporation ("Xavier"), an institution of higher education operated by the Order of Jesuits and Arthur Shriberg, Xavier's Vice President of Student Development. Defendants' Joint Answer (doc. no. 6) asserts a defense based upon this Court's purported lack of jurisdiction over Xavier on the basis that, as a religious institution, it is exempt from application of the provisions of the ADEA.

The Court agrees with plaintiff's assertion that the ADEA, on its face as well as in its legislative history, gives no indication that religious institutions are exempt from its provisions. Therefore, defendants' arguments are premised on first amendment concerns relating to the free exercise and establishment clauses.

A careful review of the applicable cases clearly instructs that the determinative inquiry must be made in light of the particular facts and circumstances of each case, and that the threshhold issue is "whether the ... exercise of jurisdiction here would give rise to serious constitutional questions." *NLRB v. Catholic Bishop of Chicago,* 440 U.S. 490, 501, 99 S.Ct. 1313, 1319, 59 L.Ed.2d 533 (1979); *see also, Dayton Christian Schools v. Ohio Civil Rights Commission,* 766 F.2d 932 (1985), vacated and remanded on other grounds, 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986).

Statutes with far-reaching first amendment implications have been construed not to apply to church-operated schools based on the consequent serious constitutional questions that were specifically found would follow. *See, Catholic Bishop,* 440 U.S. 490, 99 S.Ct. 1313 (jurisdiction by NLRB over teachers in a church-operated school would implicate guarantees of the religion clauses of the first amendment). Absent this substantial risk, courts have not rendered large groups of employers immune from liability, as such exemption would substantially frustrate the intent and purpose of the federal laws. *See, Jefferson County Pharm. Ass'n. v. Abbott Laboratories,* 460 U.S. 150, 154 n. 6, 103

S.Ct. 1011, 1015 n. 6, 74 L.Ed.2d 882 (1982) (federal law applied on the basis of no risk of a constitutional issue arising from the application).

In the specific context of application of the federal law against age discrimination, the United States Court of Appeals for the Fourth Circuit reversed the district court's dismissal and denial of jurisdiction over a religious college, stating that "the ADEA actions did not present a significant risk of infringement upon the first amendment rights of [the defendant]." *Ritter v. Mt. St. Mary's College*, 814 F.2d 986, 988 n. 1 (4th Cir.1987).

Upon consideration of the controlling legal principles and upon application of the law to the particular facts of this case, the Court finds defendants' arguments unpersuasive. The Court finds that there are no constitutional implications raised by these facts as enforcement of the age discrimination law does not entangle nor endanger the religion clauses of the first amendment, especially in light of the relatively narrow focus of the ADEA. Further, the Court finds that the possibility that such constitutional implications may arise in a future case is an insufficient basis for this Court to deny jurisdiction in this case. Such a contention is not warranted by the reasoning of the United States Supreme Court in the *Catholic Bishop* case, *supra*, nor of the United States Court of Appeals for the Sixth Circuit in the *Dayton Christian Schools* case, *supra*. Therefore, defendants' jurisdictional defense has no basis in law or fact.

In conclusion, the Court finds defendants' jurisdictional defense to be insufficient and without merit as a matter of law. Accordingly, plaintiff's Motion (doc. no. 12) is hereby GRANTED. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, defendants' jurisdictional defense asserted in the Third Defense of the Joint Answer is hereby DENIED.

IT IS SO ORDERED.